# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY L. CALLICOAT,**
**Claimant Below, Petitioner**

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0582** (BOR Appeal No. 2051036)
(Claim No. 2015021163)

**METRO MASONRY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Callicoat, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Metro Masonry, Inc., by David A. Holtzapfel, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. The claims administrator rejected the claim on February 19, 2015. On December 17, 2015, the Office of Judges affirmed the decision. The Board of Review affirmed the Office of Judges' Order on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Callicoat, a construction laborer, alleges that he was injured on January 20, 2015, while lifting scaffolding boards at work. Treatment notes from St. Mary's Medical Center dated January 26, 2015, indicate Mr. Callicoat was treated by Daria Davis, M.D., for severe lower back pain with pain and numbness in the right lower extremity for the past three weeks. The onset of symptoms was gradual. Mr. Callicoat reported no known injury. X-rays of the thoracic and lumbar spine showed degenerative changes. He was diagnosed with lumbar radiculopathy. A nurse triage note by Anna Maynard stated that Mr. Callicoat had back pain for three weeks and his right leg was going numb. There was no known injury. A note by Nurse Jennifer Roach stated that he denied a known injury but was a construction worker.

1

A lumbar MRI taken on January 27, 2015, showed multilevel degenerative changes, most notable at L3-4 through L5-S1. On January 27, 2015, Mr. Callicoat was treated by Mary Beth Blankenship, CFNP. She noted that he reported a sudden onset of acute lumbar pain three weeks prior with no known injury. He had lower back pain radiating into the right leg with numbness and decreased range of motion. Nurse Blankenship diagnosed lumbar pain, bilateral lower back pain with right-sided sciatica, and hypertension.

In a February 3, 2015, neurosurgical evaluation report, Rida Mazagri, M.D., noted that Mr. Callicoat reported lower back pain for three weeks with numbness in the right leg. He also complained of neck pain for more than five years that radiated into his shoulders. On examination, he had good range of motion in the lower back. Dr. Mazagri noted that the MRI showed multilevel degenerative changes and recommended physical therapy.

Mr. Callicoat filed an application for workers' compensation benefits on February 4, 2015, alleging that he injured his back on January 20, 2015, while carrying scaffolding boards at work. He listed Daniel Kelly and Frankie Adkins as witnesses to the injury. The physician's section was completed by Dr. Davis who diagnosed lumbosacral neuritis, a non-occupational back condition. She specifically indicated that Mr. Callicoat denied a known injury. The employer's report of occupational injury was completed by coordinator Gina Martin. Ms. Martin stated that Mr. Callicoat arrived at work on January 26, 2015, and stated that he felt stiff. He left work that afternoon and went to the emergency room for treatment. She indicated that an actual injury did not take place.

Mr. Callicoat was treated by Natavoot Chongswatdi, M.D., on February 10, 2015. The treatment note indicates that he was carrying scaffolding pipes when he pulled something in his back and felt a burning sensation down his right leg. Mr. Callicoat reported that he worked for six days following the injury before he sought treatment and that he had no history of back problems. On examination he had decreased range of motion in the lumbar spine. Dr. Chongswatdi assessed lumbar radiculopathy and low back pain.

Mr. Callicoat testified in a deposition on July 21, 2015, that he injured his lower back while carrying boards at work on January 20, 2015. He stated that he felt something pinch in his back. He thought it was a strain so he kept working until January 26, 2015, at which time the pain became so bad he was unable to perform his job duties. He stated that two co-workers, Daniel Kelly and Frankie Adkins witnessed the injury. He also stated that he notified his foreman, Bernie Gates, that he injured his back the morning after the injury, January 27, 2015. Mr. Callicoat sought treatment on January 26, 2015, and asserted that he informed the nurses at St. Mary's Medical Center that he was injured while lifting boards at work. He testified that he could not recall any prior injuries to or treatment for his back.

On August 18, 2015, Bernie Gatens stated in an affidavit that he is a foreman at Metro Masonry, Inc., and supervised a crew, which included Mr. Callicoat, on January 20, 2015. Mr. Callicoat arrived at work on January 26, 2015, and stated that his back was stiff. This was before he performed any work. Mr. Gatens stated that he did not identify a specific injury or cause. He

worked the entire day and did not report an injury to Mr. Gatens, nor did Mr. Gatens witness an injury. Mr. Callicoat worked half of the following day before leaving to seek treatment. Before leaving work that day, he told Mr. Gatens that his wife was scheduling him to return to a chiropractor for his back. Mr. Gatens stated that Mr. Callicoat never reported an injury to himself or anyone else at Metro Masonry, Inc.

The claims administrator rejected the claim on February 19, 2015. The Office of Judges affirmed the decision in its December 17, 2015, Order. It found that Mr. Callicoat failed to show by a preponderance of the evidence that he was injured in the course of and resulting from his employment. The Office of Judges found that the only objective diagnostic evidence of record was an x-ray and an MRI. Both showed degenerative changes and no acute injury. Further, the first doctor to treat Mr. Callicoat after the alleged injury, Dr. Davis, diagnosed a non-occupational back condition. The Office of Judges found that although Dr. Chongswatdi later diagnosed Mr. Callicoat with a work injury, that assessment was based solely on Mr. Callicoat's statements. Though he testified that he was injured on January 20, 2015, the weight of the medical evidence establishes that he denied any known injury when he was initially evaluated and treated on January 26, 2015. Three separate medical providers, Dr. Davis, Nurse Maynard, and Nurse Roach all documented in their notes that he denied having sustained an injury. The medical notes of three separate medical providers were found to be more persuasive than Mr. Callicoat's testimony that he reported an injury at that time.

The Office of Judges further found that treatment notes from Nurse Blankenship on January 27, 2015, and by Dr. Mazagri on February 3, 2015, also failed to mention a work related injury. The first mention of a work injury does not appear in the record until February 4, 2015, on Mr. Callicoat's application for benefits. However, the application even fails to support the alleged injury as Dr. Davis clearly indicated that the condition was non-occupational. Moreover, the medical records of Dr. Davis and Nurses Maynard, Roach, and Blankenship all state that Mr. Callicoat's pain began approximately three weeks prior to his first treatment visit on January 26, 2015. His pain therefore began two weeks before the alleged injury on January 20, 2015.

Mr. Callicoat identified two co-workers as witnesses to his injury; however, the record contains no statements, testimony, or other evidence from the witnesses in support of the alleged injury. The Office of Judges also found that he testified that he notified his foreman, Bernie Gatens, of the injury. Mr. Gatens stated in an affidavit that Mr. Callicoat never informed him of an injury. Finally, the Office of Judges noted that Metro Masonry, Inc., submitted evidence that Mr. Callicoat was previously treated for chronic back pain in 2009 and 2012, and diagnostic imaging studies show pre-existing degenerative changes in the lumbar spine. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Callicoat denied suffering a work-related injury when he was initially treated on January 26, 2015, for low back pain. He also did not report an injury when he was treated on January 27, 2015, or February 3, 2015. Mr. Callicoat testified that he reported the injury immediately to his supervisor, but Mr. Gaten stated in an affidavit that he was

not informed of a work-related injury. A preponderance of the evidence shows that Mr. Callicoat did not sustain a work-related injury on January 20, 2015.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum